

# State of New Jersey

| | | |
|---|---|---|
| CHRIS CHRISTIE<br>*Governor* | OFFICE OF THE ATTORNEY GENERAL<br>DEPARTMENT OF LAW AND PUBLIC SAFETY<br>DIVISION OF LAW<br>25 MARKET STREET<br>PO BOX 112<br>TRENTON, NJ 08625-0112 | JOHN J. HOFFMAN<br>*Acting Attorney General* |
| KIM GUADAGNO<br>*Lt. Governor* | | JEFFREY S. JACOBSON<br>*Director* |

February 12, 2015

The Honorable Renée Marie Bumb, U.S.D.J
Mitchell H. Cohen Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

      RE:    Sherron Queensbury v. Dana Petrone, et al.
             Civil Action No. 1:14-cv-07230
             Request for a Pre-Motion Conference – Prospective Motion to Dismiss pursuant to
             Fed. R. Civ. P. 12(b)(1) and (6)

Dear Judge Bumb:

      This Office represents Assistant Prosecutor Dana Petrone ("AP Petrone") and the Camden County Prosecutor's Office, ("Prosecutor Defendants"), in the above-referenced matter. Pursuant to the Court's Individual Rules and Procedures, this letter seeks to obtain a pre-motion conference to discuss the merits of Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6), filed with the Court on February 6, 2015, and administratively terminated on February 9, 2015. Counsel misunderstood that a pre-motion conference was necessary in this circumstance.

      Plaintiff, Sherron K. Queensbury, alleges that on October 31, 2013, AP Petrone presented a false complaint and failed to present exculpatory evidence in a grand jury proceeding, which led to an unreasonable seizure of Plaintiff's person and false imprisonment. (Compl., ¶ 2, 17, 18). Plaintiff asserts violations of his Federal and New Jersey State Constitutional Rights, and brings claims pursuant to 42 U.S.C. § 1983. (Compl., Count I, III). Plaintiff additionally brings state law tort claims against AP Petrone for false imprisonment, negligent infliction of emotional distress, and intentional infliction of emotional distress pursuant to the New Jersey Tort Claims Act ("NJTCA"). (Compl., Count II, V, VI). Finally, Plaintiff asserts a claim of false imprisonment against the County of Camden under a theory of respondeat superior.[1] (Compl., Count IV). Prosecutor Defendants submit that Plaintiff's complaint should be dismissed with prejudice.

      First, Plaintiff's claims against the Prosecutor Defendants are barred under the Eleventh Amendment and sovereign immunity. It is well-recognized that the states, state agencies and state

---

[1] From a review of Plaintiff's complaint and the federal court's electronic filing website, PACER, it does not appear that the County of Camden is a named party to the lawsuit.



officials acting in their official capacity cannot be sued under the principles of sovereign immunity and the Eleventh Amendment. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 69-71 (1989). This immunity extends to state agencies and officers who act on behalf of the state, Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997), and bars recovery in suits brought pursuant to 42 U.S.C. § 1983. Will, supra, 491 U.S. at 64. The State does not have to be named a defendant to enjoy Eleventh Amendment immunity, so long as the state is a real party in interest. Carter v. City of Philadelphia, 181 F.3d 339, 347 (3rd. Cir. 1999). A state is a real party in interest if a named defendant is in fact an "arm of the state." Chisolm v. McManimon, 275 F.3d 315, 323 (3rd. Cir. 2001). "When county prosecutors execute their sworn duties to enforce the law... they act as agents of the state." Wright v. State, 169 N.J. 422 (2001) (citing Coleman v. Kane, 87 F.3d 1491, 1499 (3rd. Cir. 1996)). A county prosecutor's law enforcement function is unsupervised by the county government or any other agency of local government, but remains at all times subject to the supervision and succession power of the Attorney General. Wright, 169 N.J. at 462. Moreover, as is determinative under Fitchik v. NJ Transit Rail Operations, Inc., 873 F.2d 655, 659 (3d Cir. 1989), a judgment obtained against a county prosecutor would be satisfied by the state treasury. See Wright, 169 N.J. at 462. Here, Plaintiff asserts AP Petrone reviewed evidence and presented a complaint to a grand jury. The Prosecutor Defendants were clearly acting in official law enforcement capacities, and are, thus, deemed an arm of the state for purposes of the Eleventh Amendment. Moreover, Eleventh Amendment sovereign immunity deprives this Court of jurisdiction over all claims that sound in constitutional, statutory or common law of the State of New Jersey. See Ragnor v. Regents of the University of Minnesota, 534 U.S. 533, 541 (2002). In light of the foregoing, this Court lacks jurisdiction, and Plaintiff's Complaint should be dismissed.

Second, Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 and the New Jersey Civil Rights Act ("NJCRA"), N.J.S.A. 10:6-1, et seq., must be dismissed, as the Prosecutor Defendants are not "persons" subject to liability under these statutes. Through § 1983, Congress provided a vehicle by which persons may be sued for violating or interfering with constitutional rights. However, the State and its officials, are not "persons" amenable to suit under § 1983. Will, supra, 491 U.S. at 71. Similarly, the NJCRA provides a state-based remedy for a private civil rights claim against "a person acting under color of law." Both the plain language of the NJCRA and the Legislature's intent to model this Act after § 1983 together compel the conclusion that the State is not a "person" amenable to suit for damages under this Act. See N.J.S.A. 10:6-2(c) (providing a cause of action for injuries "by a person acting under color of law"; Chapman v. New Jersey, 2009 U.S. Dist. LEXIS 75720 at *3 (D.N.J. August 25, 2009) ("Since the NJCRA is substantially modeled after [Section 1983], and shares the requirement that the defendant sued be a 'person,' the NJCRA should also be deemed to incorporate Will."). Here, Plaintiff has filed a suit for violation of his Federal constitutional rights, pursuant to § 1983 (Compl., Count I , III); and appears to allege violations of his New Jersey Constitutional rights, pursuant to the NJCRA. (Compl., ¶¶ 1, 21a). As discussed supra, the Prosecutor Defendants were at all times acting in their law enforcement capacities, and are treated as state officials. Therefore, Plaintiff's constitutional claims should be dismissed against the Prosecutor Defendants because they are not "persons" amenable to suit.

Third, Plaintiff's claims against AP Petrone should be dismissed because she is entitled to absolute immunity. It is a long held rule that prosecutors enjoy absolute immunity from liability in civil suits for actions taken in their role as prosecutors. See Imbler v. Pachtman, 424 U.S. 409, 427-28 (1976). To that end, absolute immunity applies to all activities that are "intimately associated with the judicial process," and shields a prosecutor from liability for any and all alleged wrongdoing

that the prosecutor is alleged to have committed while an advocate for the state. Id. at 430; Kulwicki v. Dawson, 969 F.2d 1454, 1463 (3d Cir. 1992). Absolute prosecutorial immunity even applies where a prosecutor knowingly uses "false testimony before the grand jury and at trial" or it is alleged there was "deliberate suppression of exculpatory evidence." Burns v. Reed, 500 U.S. 478, 485, 486 (1991) (citing Imbler, 424 U.S. at 421-24, 426, 430-31). In the instant matter, AP Petrone is entitled to prosecutorial immunity. Assistant Prosecutor Petrone was acting in her role as a prosecutor when she reviewed evidence provided and determined what information to present to a grand jury. As such, Plaintiff's such claims against AP Petrone must be dismissed.

Fourth, Plaintiff's state law tort claims brought under the NJTCA must be dismissed. First, Plaintiff has failed to comply with N.J.S.A. § 59:8-8, which requires that a notice of claim be filed with the public entity within ninety days of the accrual of the cause of action. Second, AP Petrone is entitled to immunity under the NJTCA. See N.J.S.A. 59:3-8 ("A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment"); N.J.S.A. 59:3-3 ("A public employee is not liable if he acts in good faith in the execution of enforcement of any law."). AP Petrone was at all times acting to enforce the criminal laws of the State of New Jersey in preparing and presenting Plaintiff's case to a grand jury.  Lastly, Plaintiff has failed to state a claim of intentional infliction of emotional distress or negligent infliction of emotional distress. See Buckley v. Trenton Saving Fund Soc'y, 111 N.J. 355, 366 (1988) (intentional infliction of emotional distress requires conduct so outrageous "as to go beyond all possible bounds of decency" and causing severe emotional distress); Portee v. Jaffee, 84 N.J. 88 (1990) (negligent infliction of emotional distress requires "(1) the death or serious physical injury of another caused by defendant's negligence; (2) a marital or intimate, familial relationship between plaintiff and the injured person; (3) observation of the death or injury at the scene of the accident; and (4) resulting severe emotional distress."). Here, AP Petrone's conduct was not so outrageous as to go beyond all bounds of decency.  Moreover, her conduct did not result in the death or serious injury of an individual with a familial or intimate relationship with Plaintiff. Lastly, Plaintiff's alleged emotional distress in the form of "humiliation" and "anguish" is insufficient.

Finally, Plaintiff's requests for declaratory and injunctive relief are improper. See Bolling v. Hayman, 2010 U.S. Dist. LEXIS 36809 at *10-11 (D.N.J. Apr. 14, 2010) (claim for injunctive relief improper "where plaintiff only alleged past civil rights violations;" "plaintiff may not seek declaratory relief merely to have [the] Court declare that past actions of the [d]efendants have violated his rights.").

For the forgoing reasons, it is respectfully requested that a pre-motion conference, pursuant to the Court's Individual Preferences and Procedures be granted.

    Respectfully submitted,

    JOHN J. HOFFMAN
    ACTING ATTORNEY GENERAL OF NEW JERSEY

    By:    /s/ *Kristen N. Collar*
            Kristen N. Collar
c. Paul D. Santangini, Esq.    Deputy Attorney General