NOT FOR PUBLICATION                                   [Dkt. Ent. 15]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

---

SHERRON K. QUEENSBURY,

     Plaintiff,

        v.

DANA PETRONE, et al.,

     Defendants.

---

No. 14-cv-7230 (RMB/AMD)

**OPINION**

Appearances:
Paul D. Santangini
Garber Law P.C.
1200 Laurel Oak Road
Suite 104
Voorhees, N.J. 08043
    Attorney for Plaintiff
    Sherron K. Queensbury

Ione Kristy Curva
State of New Jersey
Office of the Attorney General
124 Halsey Street, 5th Floor
P.O. Box 45029
Newark, N.J. 07101

Kristen Nicole Collar
Susan Marie Scott
State of New Jersey
Office of the Attorney General
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, N.J. 08625
    Attorneys for Defendants
    Dana Petrone and
    Camden County Prosecutor's Office

**BUMB**, UNITED STATES DISTRICT JUDGE:

This matter comes before the Court upon a Motion to Dismiss filed by defendants Assistant Prosecutor Dana Petrone ("Petrone") and the Camden County Prosecutor's Office (the "CCPO") (collectively, the "Defendants"). (Dkt. Ent. 15.) Defendants seek to dismiss all Counts of plaintiff Sherron K. Queensbury's (the "Plaintiff") Complaint, which allege constitutional violations against Petrone pursuant to 42 U.S.C. § 1983 (Count I), false imprisonment against Petrone (Count II), constitutional violations against Camden County and the CCPO pursuant to 42 U.S.C. § 1983 (Count III), false imprisonment against the CCPO via respondeat superior (Count IV), intentional infliction of emotional distress against Petrone (Count V), and negligent infliction of emotional distress against Petrone (Count VI). (Compl. ¶¶ 25, 27-28, 30-34, 36, 38-39, 44.) Plaintiff has not filed a brief in opposition. For the reasons set forth below, Defendants' Motion to Dismiss shall be granted.

## I. Factual Background

On or about March 10, 2013, Adrian Lomonico ("Adrian") filed a complaint with the Lindenwold Police Department ("Lindenwold PD") "alleging that he was the victim of an armed robbery" perpetrated by Plaintiff. (Compl. ¶¶ 9-10.) Plaintiff was subsequently charged with two warrants on March 13, 2013, "alleging Robbery, a crime of the first degree, in violation of

N.J.S.A. 2C:15-1A(3) and Possession of a Weapon for an Unlawful Purpose, a crime of the second degree, in violation of N.J.S.A. 2C:39-4A." (Id. at ¶ 11.)

Plaintiff alleges that on or about October 3, 2013, his attorney gave Petrone "an investigative report which included evidence that was clearly exculpatory and directly negated Plaintiff's guilt." (Id. at ¶ 13.) Included in this report was a statement from Adrian's sister-in-law, Rasheeda Lomonico ("Rasheeda"), which stated: "Adrian Lomonico wrote a letter to the [Camden County] Prosecutor's Office, in which he falsely accused Mr. Queensbury of sending someone to Lomonico's home to shoot him," id. at ¶ 14(a); that she "heard Adrian admit he was sending the letter because he needed some money to get to Michigan," id. at ¶ 14(b); that Adrian "had been involved with Plaintiff's wife since just before the charges were brought forth," id. at ¶ 14(c); and that Adrian "previously filed a false police report against his brother, Corey Lomonico, alleging that Corey Lomonico threatened to kill Adrian with a gun," id. at ¶ 14(d). Also included in this investigative report were court documents which evidenced Adrian's previous filing of a false police report. (Id. at ¶ 15.) Lastly, the investigative report included a statement from Corey Lomonico ("Corey"), which stated that Corey saw Adrian "write a letter to the [CCPO] falsely accusing Plaintiff Queensbury," id. at ¶

16(a), and that Corey "questioned Adrian why he was lying to the [CCPO] and Adrian confessed 'so I can get some money from the investigator to go to Michigan for a while,'" id. at ¶ 16(b).

On October 31, 2013, a Camden County Grand Jury indicted Plaintiff upon a complaint presented by Petrone, and Plaintiff was incarcerated on $100,000.00 full cash bail. (State v. Sherron K. Queensbury, Indictment No. 3233-11-12; Compl. ¶ 19.) On December 5, 2013, Petrone presented exculpatory evidence that "directly negated the Plaintiff's guilt to the Camden County Grand Jury for a superseding indictment and the proposed indictment was no billed, necessitating Plaintiff's release from Camden County Jail on or about December 5, 2013." (Compl. ¶ 19.)

## II.  Procedural Background

Plaintiff commenced this action on November 19, 2014, alleging constitutional violations and false imprisonment against both Petrone and the CCPO, as well as intentional infliction of emotional distress and negligent infliction of emotional distress against Petrone. (Dkt. Ent. 1.) Defendants subsequently filed their Motion To Dismiss on March 24, 2015. (Dkt. Ent. 15.) The motion is unopposed.

## III.  Standards of Review

Defendants bring this Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).

A.    Fed. R. Civ. P. 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) motions may
challenge subject-matter jurisdiction based upon the complaint's
face or its underlying facts.  Pittman v. Metuchen Police Dept.,
No. 08-2373, 2009 WL 3207854, *1 (D.N.J. Sept. 29, 2009) (citing
James Wm. Moore, 2 Moore's Federal Practice § 12.30[4] (3d ed.
2007)).  "A facial attack questions the sufficiency of the
pleading, and in reviewing a facial attack, a trial court
accepts the allegations in the complaint as true."  Id.  A
factual attack, by contrast, calls upon the court to engage in a
weighing of the evidence.  Id.  Although a court's inquiry when
considering a motion to dismiss is normally limited in scope to
the pleadings and related documents, a Federal Rule of Civil
Procedure 12(b)(1) motion based upon a factual challenge enables
consideration of evidence extrinsic to the pleadings, such as
depositions and affidavits.  Gould Electronics Inc. v. United
States, 220 F.3d 169, 176 (3d Cir. 2000) (citing Gotha v. United
States, 115 F.3d 176, 178-79 (3d Cir. 1997)).

B.    Fed. R. Civ. P. 12(b)(6)

"[A] complaint must contain sufficient factual matter,
accepted as true, to 'state a claim to relief that is plausible
on its face'" in order to withstand a motion to dismiss under
Federal Rule of Civil Procedure 12(b)(6).  Ashcroft v. Iqbal,
556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007)).  Claims are facially
plausible "when the plaintiff pleads factual content that allows
the court to draw the reasonable inference that the defendant is
liable for the misconduct alleged," and "an unadorned, the-
defendant-unlawfully harmed-me accusation" will not survive a
motion to dismiss.  Id. at 663, 678.  "[A] plaintiff's
obligation to provide the 'grounds' of his 'entitle[ment] to
relief' requires more than labels and conclusions, and a
formulaic recitation of the elements of a cause of action will
not do."  Twombly, 550 U.S. at 555 (quoting Papasan v. Allain,
478 U.S. 265, 286 (1986)).

     The district court "must accept as true all well-pled
factual allegations as well as all reasonable inferences that
can be drawn from them, and construe those allegations in the
light most favorable to the plaintiff" when reviewing a
plaintiff's allegations.  Bistrian v. Levi, 696 F.3d 352 n.1 (3d
Cir. 2012).  Only the allegations in the complaint, and "matters
of public record, orders, exhibits attached to the complaint and
items appearing in the record of the case" are taken into
consideration.  Oshiver v. Levin, Fishbein, Sedran & Berman, 38
F.3d 1380, 1384 n.2 (3d Cir. 1994) (citing Chester County
Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812
(3d Cir. 1990)).

**IV.   Analysis**

In support of the Motion to Dismiss Plaintiff's Complaint,

Defendants set forth the following arguments:

- Plaintiff's claims are barred by the Eleventh Amendment of the United States Constitution;
- Plaintiff's 42 U.S.C. § 1983 claims must be dismissed because Defendants are not "persons" amenable to suit under 42 U.S.C. § 1983;
- Plaintiff's state constitutional claims must be dismissed because Defendants are not "persons" amenable to suit under the New Jersey Civil Rights Act;
- Plaintiff's claims must be dismissed because Petrone is protected by absolute prosecutorial immunity;
- Plaintiff's state law tort claims must be dismissed because Plaintiff did not file a notice of tort claim;
- Counts II, V, and VI must be dismissed because Petrone is protected by statutory immunity under the New Jersey Tort Claims Act;
- Plaintiff's intentional and negligent infliction of emotional distress claims must be dismissed because Plaintiff did not plead the requisite elements;

(Br. in Supp. of Defs.' Mot. to Dismiss 11-36.)  The Court

addresses these arguments below.

1.  <u>Constitutional Violation Claims</u>

Defendants argue that Plaintiff's allegations of

constitutional violations must be dismissed under Federal Rule

of Civil Procedure 12(b)(1) because, in their official capacity,

(A) they are immune from such claims and (B) they are not

"persons" amenable to such claims, whether Plaintiff brings them

7

pursuant to 42 U.S.C. § 1983 or the New Jersey Civil Rights Act ("NJCRA").[1]  The Court addresses these arguments in turn.

A.  Immunity

Plaintiff's claims for constitutional violations are barred by both sovereign and absolute prosecutorial immunity.

i.  Sovereign Immunity

First, Defendants argue that "Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 against the CCPO must be dismissed as the CCPO is an arm of the State when acting within its law enforcement capacity, and is subject to the same immunities as the State." (Br. in Supp. of Defs.' Mot. to Dismiss 16-22.) The doctrine of sovereign immunity and the Eleventh Amendment[2] of the United States Constitution protect state agencies and officials acting in their official capacity from suits brought pursuant to 42 U.S.C. § 1983.  See, e.g., Will v. Mich. Dep't of State Police, 491 U.S. 58, 64-71 (1989).  Furthermore, the State need not be a named defendant to be afforded Eleventh Amendment

---

[1] Plaintiff expressly brings his constitutional allegations under 42 U.S.C. § 1983, but may, as noted by Defendants, be bringing them pursuant to the New Jersey Civil Rights Act.  (Compl. ¶¶ 24-25, 29-34; Br. in Supp. of Defs.' Mot. to Dismiss 18.)

[2] The Eleventh Amendment to the United States Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign state." U.S. Const. amend. XI.

immunity as long as it is the real party in interest.  <u>Carter v. City of Phila.</u>, 181 F.3d 339, 347 (3d Cir. 1999).  Thus, to the extent Plaintiff has asserted claims against Defendants in their official capacities, Plaintiff's constitutional claims must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).[3]

ii.  Absolute Prosecutorial Immunity

Defendants also argue that Plaintiff's allegations against Defendants must be dismissed because Petrone is protected by absolute prosecutorial immunity.  (Br. in Supp. of Defs.' Mot. to Dismiss 22.)  The case law on this issue supports the argument.  Indeed, the Third Circuit has noted that "the Supreme Court held that state prosecutors are absolutely immune from liability under § 1983 for actions performed in a quasi-judicial role." <u>Yarris v. Cnty. of Del.</u>, 465 F.3d 129, 135 (3d Cir. 2006) (citing <u>Imbler v. Pachtman</u>, 424 U.S. 409, 431 (1976)).  Furthermore, "[i]t is well settled that prosecutors are entitled to absolute immunity from claims based on their failure to disclose exculpatory evidence, so long as they did so while

---

[3] Defendants are also correct, in the alternative, that in their official capacities, they are not "persons" amenable to suit under § 1983 or the NJCRA.  <u>See, e.g.</u>, <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989)("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."); <u>Delbridge v. Schaeffer</u>, 238 N.J. Super. 323, 569 A.2d 872, 889 (1989)("[N]either a state nor its alter ego is a person for purposes of § 1983 regardless of whether the action is brought in state or federal court.").

functioning in their prosecutorial capacity." <u>Yarris</u>, 465 F.3d at 137.  In <u>Yarris</u>, the court found that absolute immunity applied where prosecutors failed to disclose exculpatory evidence, 465 F.3d at 137.  Here, Plaintiff alleges that Petrone failed to initially utilize exculpatory evidence while acting in her prosecutorial capacity, stating: "Pe[t]rone presented the false complaint of Adrian Lomonico to a Camden County Grand Jury, and failed to present the clearly exculpatory evidence . . . ."  Compl. At ¶ 18.

As recently stated by the Third Circuit, "the arrest of a criminal defendant and the filing of charges are at the fore of the prosecutorial function, and 'a prosecutor is absolutely immune when making [the decision to initiate a prosecution] even where he acts without a good faith belief that any wrongdoing has occurred.'" <u>Munchinksi v. Solomon</u>, 2015 U.S. App. LEXIS 12478, at *8-9 (3d Cir. July 20, 2015)(quoting <u>Kulwicki v. Dawson</u>, 969 F.2d 1454, 1464 (3d Cir. 1992)).  In <u>Small v. State of New Jersey</u>, the New Jersey Appellate Division adopted federal court's interpretation of absolute prosecutorial immunity, stating "[a]bsolute immunity applies to prosecutorial activities intimately associated with the judicial process, including evaluating evidence, deciding to prosecute, and preparing for an presenting evidence in the grand jury, even if it is alleged they were conducted with malice."  No. A-4113-13T4, 2015 N.J.

10

Super. Unpub. LEXIS 530, at *15-16 (N.J. App. Div. Mar. 12,
2015).  Because Plaintiff's allegations against Petrone clearly
fall within the category of her prosecutorial capacity in
deciding which evidence to present to a grand jury, Plaintiff's
§ 1983 claims are also subject to dismissal based on absolute
prosecutorial immunity.

           iii.  <u>Monell</u>

Count III of Plaintiff's Complaint asserts claims for a
violation of §1983 against the "Count of Camden" for a "policy
and/or custom of the Camden County Prosecutor's Office to fail
to exercise reasonable care in hiring its assistant prosecutors
[and for] inadequately supervis[ing] and train[ing] its
assistant prosecutors . . . ."  Compl. at ¶¶ 31-32.  To maintain
a claim brought pursuant to 42 U.S.C. § 1983 against a
municipality based on the acts of its individual employees, a
plaintiff must show that his constitutional injury was the
result of the implementation of a municipal policy or practice.
<u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 690 (1978); <u>Hill</u>
<u>v. Borough of Kutztown</u>, 455 F.3d 225, 245 (3d Cir. 2006).
Official policy or practice is implemented by an individual's
conduct when the individual acted according to a formal policy,
when he or she is a policymaker, or when such conduct is
ratified by a policymaker after it occurred.  <u>Hill</u>, 455 F.3d at
245.  However, where there is no underlying constitutional

violation there can be no Monell claim.   See Kiriakidis v.
Borough of Vintondale, No. 14-2934, 2015 U.S. App. LEXIS 5940,
at *10 (3d Cir. 2015) ("Because we conclude that there was no
constitutional violation, Appellants cannot sustain a claim
against the Borough of Vintondale under Monell"); Strunk v.
Chester Cnty., No. 13-824, 2015 U.S. Dist. LEXIS 24523, *13-14
(E.D. Pa. 2015) (dismissing plaintiffs' Monell claims against a
municipality where there was no constitutional violation).  For
the reasons already set forth above, there are no claims
remaining in this matter that are based on a constitutional
violation.  Therefore, Plaintiff's Monell claim must be
dismissed.  Id.

   2.  Tort Claims

   Defendants argue that Plaintiff's false imprisonment,
intentional infliction of emotional distress, and negligent
infliction of emotional distress claims must be dismissed
because Plaintiff failed to file a notice of tort claim as
required by the New Jersey Tort Claims Act ("NJTCA"). (Br. in
Supp. of Defs.' Mot. to Dismiss 26.)  Under N.J.S.A. § 59:8-3,
"[n]o action shall be brought against a public entity or public
employee under [the NJTCA] unless the claim upon which it is
based shall have been presented in accordance with the procedure
set forth in this chapter."  This procedure requires a notice of
tort claim be filed with the public entity within 90 days from

the date on which it accrues, <u>Velez v. City of Jersey City</u>, 180 N.J. 284, 294-96 (2004), and only "[a]fter the expiration of six months from the date notice of claim is received [may] the claimant . . . file suit in an appropriate court of law." N.J.S.A. § 59:8-8. Because there is nothing in the complaint setting forth any factual allegation regarding a notice of tort claim, and because Plaintiff has not opposed the motion on this ground, Plaintiff's tort claims must be dismissed for failure to file the requisite notice under the NJTCA.

In the alternative, Defendants correctly argue that Plaintiff fails to plead the requisite elements of the emotional distress claims asserted.  (Br. in Supp. of Defs.' Mot. to Dismiss 32-34.)  For example, to state a claim for intentional infliction of emotional distress, Plaintiff must plead conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." <u>Taylor v. Metzger</u>, 152 N.J. 490, 706 A.2d 685, 703 (N.J. 1998). As Plaintiff has not pled emotional distress of such magnitude, he cannot maintain his claim for intentional infliction of emotional distress.  Furthermore, negligent infliction of emotional distress requires either that the Defendants' conduct placed Plaintiff in reasonable fear of imminent personal injury or that death or serious physical injury was caused. <u>Jablonowska</u>

13

v. Suther, 195 N.J. 91, 104 (2008).  Because there are no
allegations that Petrone's alleged exclusion of exculpatory
evidence caused the threat of serious physical injury, Plaintiff
cannot maintain his claim for negligent infliction of emotional
distress.

**V.  Conclusion**

    For the reasons set forth above, the Court finds that, even
Defendants' Motion to Dismiss must be granted.  An appropriate
Order will issue this date.


                  s/Renée Marie Bumb
                  RENÉE MARIE BUMB
                  United States District Judge

Dated:    August 7, 2015